IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KINEDYNE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 08-CV-00755-DGK |
| | ) |
| MULTIPRENS USA, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO STAY

In support of its Motion to Stay, Defendant Multiprens USA, Inc. ("Multiprens") files this Memorandum of Law. Because reexamination proceedings pending before the U.S. Patent and Trademark Office ("PTO") likely will narrow or eliminate the issues this Court must ultimately adjudicate, the interests of judicial economy and the litigants would be advanced by staying this action until the PTO rules.

Plaintiff sues on two patents, U.S. Patent Numbers 5,979,876 and 5,853,164, which are plagued by significant invalidity questions. Accordingly, reexaminations requests for both patents recently were filed with the PTO.[1] Empirically, the reexaminations will most likely cause the patents-in-suit to be modified or rejected by the PTO. Accordingly, little reason exists for the parties and this Court to expend the substantial resources necessary to litigate the invalidity of a moving target.

In order to simplify the issues in this case and reduce the burden upon the parties and this Court, the instant action should be stayed until resolution of the PTO's reexamination of the two patents-at-suit in this case.

---

[1] Over 91% of all requests for ex parte reexamination requests are granted. *See USPTO Ex Parte Reexamination Filing Data*, (Sept. 30, 2006).

WA 1137302.1

## THE PENDING PTO PROCEEDINGS

On February 13, 2009, Multiprens filed with the United States Patent and Trademark Office separate Ex Parte Reexamination Requests on both patents now sued upon. See Exhibits A and B, true and accurate copies of the Reexamination Requests, attached hereto. The pending reexaminations concern many of the same issues which ultimately will require adjudication. Regardless of how the PTO rules, the reexamination decision will have profound implications on the claims asserted in this litigation.

**Reexamination of U.S. Patent No. 5,853,164 ('164 Patent)**

Multiprens' request for reexamination provides significant new prior art raising questions of patentability of claims 1 and 2 of the '164 patent. Independent claims 1 and 2 are the only claims of the '164 patent. In particular, this new art renders obvious claims 1 and 2.

Multiprens has sought reexamination of claims 1 and 2 based on the prior art publications set forth in the request or any other basis that the Commissioner deems appropriate.

**Reexamination of U.S. Patent No. 5,979,876 ('876 Patent)**

The '876 patent relates to a ratchet-type jack bar assembly with a sliding carriage and quick release functionality. The jack bar is toothed and includes both power and lock pawls biased toward the jack bar, and the quick release actuator allows the lock pawl to be lifted against the biasing member and permit rapid, bi-directional movement of the carriage. In addition, the jack bar is operated by a pivotal operating lever.

The request for reexamination provides significant new art which raises a new question of patenability of claims 1-7 of the '876 patent. Claims 1-7 are the only claims of the '876 patent. In particular, this new art renders claims 1-7 obvious.

Reexamination of claims 1-7 is requested based on the prior art publications set forth in this request or any other basis that the Commissioner may deem appropriate. In view of the similarities between U.S. Patent No. 5,890,856 and the '876 patent, Multiprens is also currently conducting a derivation investigation.

## I. THE LEGAL STANDARD FOR THIS MOTION FOR STAY.

### A. This Court's Inherent Power to Stay Litigation Pending PTO Reexaminations.

"The Court has inherent power to manage its dockets and stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). This power 'includ[es] the authority to order a stay pending conclusion of a PTO reexamination', *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1427 (Fed. Cir. 1988), as well as to stay a case pending the resolution of litigation in another forum that involves similar, potentially controlling, issues." *Baxter Int'l, Inc. v. Fresenius Medical Care Holdings, Inc.*, 2008 WL 4395854 (N.D. Ill. 2008); citing *See Texas Indep. Producers & Royalty Owners Assoc. v. E.P.A.*, 410 F.3d 964, 980 (7th Cir. 2005); *Soverain Software LLC v. Amazon.com*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005); *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008) (noting that Federal Circuit has "consistently recognized the inherent power of the district courts to grant a stay pending reexamination of a patent.")

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55. Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors." *Constellation IP, LLC, Id.*

3                                                                                    WA 1137302.1

Case 4:08-cv-00755-DGK   Document 22   Filed 02/20/09   Page 3 of 10

## B. The Governing Framework For Stay Requests Pending PTO Proceedings.

"Courts consider three factors when determining whether a stay should be granted: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay of litigation will simplify the issues in question and facilitate the trial of the case; and (3) whether a stay would unduly prejudice the non-moving party or would present a clear tactical disadvantage for that party." *Watlow Electrical Mfg. Co. v. Ogden Mfg. Co.*, 2006 WL 1892546 (E.D. Mo.); *Middleton, Inc. v. Minnesota Mining and Manufacturing Co.*, No. 4:03-CV-40493, 2004 WL 1968669, *3 (S.D. Iowa August 24, 2004) (citations omitted);" *Speedtrack, Inc. v. Wal-Mart.com USA, LLC*, 2009 WL 281932 (N.D. Cal.).

## II. The Three-Factor Test Weighs Heavily in Favor of a Stay.

**Each** of the three applicable factors overwhelmingly favor a stay of this case.

### A. As discovery has yet to commence, the first relevant factor overwhelmingly recommends a stay.

The first factor under the governing analysis strongly urges issuance of a stay. Stays sought earlier in district court litigation are more favorably received than those requested at the eve of trial as more resources are saved. "Courts frequently issue stays pending reexamination when the litigation is at an early stage." *Arrivalstar SS v. Canadian Nat'l Ry. Co.*, 2008 WL 2940807, *2 (N.D. Ill.) Indeed, many courts find this first factor to predominate the three-pronged analysis governing stay requests. "The Court finds the predominate consideration in determining Defendants' motion in this instance is the posture of the case. Although there has been some activity in this litigation to date, much remains to be done before the case is ready for trial. Discovery is far from completion." *Constellation,* Id at *3. "A stay at this early juncture will prevent needless litigation, conserve judicial resources, and entail no prejudice or tactical advantage to either side

because preliminary infringement and invalidity contentions have only recently been exchanged." *Id*.

In fact, while stays pending reexamination are often granted even after the **close** of discovery, the parties in the instant matter have expended no resources on discovery. In the present case, neither party has yet engaged in **any** discovery to date. "In sum, the bare minimum amount of resources have been expended in this case thus far." *Watlow, Id.; See also Tap Pharm. Prod., Inc. v. Atrix Labs, Inc.*, No. 0C 3 7822, 2004 WL 422697, At *1 (N.D. Ill. March 3, 2004)."

Not only have the parties engaged in no discovery to date, but the applicable deadlines are far into the future. Here, dispositive motions are not due until November 30, 2009, and the trial is not scheduled until May 24, 2010. Neither the Court nor the parties have invested the resources litigating the issues now before the PTO which would have otherwise made a stay pending reexamination less tenable. To the contrary, the substantial discovery, claim construction and the other issues that lie ahead in this case weigh in favor of a stay. *Constellation, Id.* at *3.

As the *Constellation* Court explained: "Given the early stage of the litigation, the claimant was unlikely to suffer any undue prejudice if the stay was granted. Reexamination could also have resulted in the elimination of most, if not all, of the remaining issues in the pending litigation and technical expertise provided by the reexamination proceeding would have been helpful to the court on any remaining issues. Furthermore, although there had been some activity in the litigation to date, much remained to be done before the case was ready for trial." *Constellation IP, LLC v. Allstate Corp.*, 2008 WL 4787625 (E.D. Tx. 2008).

Accordingly, the first factor in the three-prong inquiry strongly "tips in favor of granting a stay of this case." *Speedtrack, Id.* at #1; *KLA-Tencor v. Nanometrics, Inc.*, 2006 WL 708661 (N.D. Cal.).

**B.     Simplification of Issues.**

The second factor in the analysis similarly justifies a stay.  The results of the PTO's reexamination of plaintiff's subject patents will greatly assist this Court and the litigants.  The critical issues implicated by the pending reexamination proceedings are dispositive issues in this litigation.  Because these issues will be addressed by the PTO, much effort would be duplicated in the absence of a stay.  "Statistics show that there is a high likelihood that at least some of the claims of the {subject} patent will be amended.  By granting a stay at this juncture, the parties will save the expense of litigating issues that the PTO's experts may render moot.  Additionally, any review of prior art that I must conduct will be enhanced by the PTO's expert opinion." *cite*; *see also In re Etter*, 756 F.2d 853, 857 (Fed. Cir. 1985).  ("When the patent is concurrently involved in litigation, an auxiliary function [of the reexamination] is to free the court from any need to consider prior art without the benefit of the PTO's initial consideration.")."  *Watlow, Id.*

"Historically, the PTO has eliminated, amended, or otherwise limited the claims in over 70% of reexamined patents." *Alza Corp. v. Wyeth and Wyeth Pharm., Inc.*, 2006 WL 3500015, *1 (E.D. Tex. 2006).  As noted by the Federal Circuit, reexamination may result in the elimination of most, if not all, of the issues remaining in the pending litigation.  *See Gould v. Control Laser Corp.,* 705 F.2d 1340 Fed. Cir. 1983), *cert. denied*, 464 U.S. 935, 104 S.Ct. 343, 78 L.Ed. 2d 310 (1983).  In addition, the technical expertise provided by the reexamination proceeding will be helpful to the Court on any issues that remain.  *See Gould*, 705 F.2d at 1342.  Significantly, claim construction may be simplified "because statements made during reexamination become part of the prosecution history, which allows a full development of the intrinsic evidence to be considered by the Court. *Spa Syspatronic*, April 24, 2008 Order at pgs. 6-7, *citing Alza Corp.*, 2006 WL 3500015, *2."  *Constellation, Id.* "As such, there is a strong likelihood that final results of the PTO's reexamination

proceeding would have an effect on the issues before this Court relating to [both patents]." *Speedtrack,* at *2.

The reexamination process will most likely narrow, if not eliminate, the issues that must be decided by this Court. Patent claims are either cancelled or amended by the PTO 74% of the time in reexaminations. Ex Parte Reexamination Filing Data–June 30, 2006; *KLA-Tenco; Id.* at *4. Thus, the PTO's determination is likely to reduce the duration of, if not eliminate the need for any subsequent court proceedings. *Watlow, Id.*; *see also Tap Pharm.*, 2004 WL 422697, at *1.

"Staying proceedings in the district court pending the resolution of a PTO reexamination may have numerous benefits for the parties and the court, including streamlining the case and simplifying the remaining issues, promotion settlement, and reducing the length and expense of litigation. *See Emhart Indus., Inc. v Sankyo Seiki Mfg. Co., Ltd.*, No. 85 C 7565, 1987 WL 6314, at *2 (N.D. Ill. February 2, 1987) (enumerating benefits of staying litigation pending PTO reexamination). These benefits are maximized when the stay is sought early in the litigation, and consequently courts "frequently issue stays pending reexamination when the litigation is at an early stage." *Arrivalstar*, 2008 WL 2940807, at *2." *Baxter, Id.*

Many other substantive and procedural benefits of a stay will inure to both parties. "Additionally, a stay has been found to benefit the district court proceedings upon the completion of a reexamination:

1. All prior art presented to the Court will have been first considered by the PTO, with its particular expertise[;]

2. Many discovery problems relating to prior art can be alleviated by the PTO examination[;]

3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed[;]

4. The outcome of the reexamination may encourage a settlement without the further use of the Court[;]

5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation[;]

6. Issues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination; [and]

7. The cost will likely be reduced both for the parties and the Court."

*Constellation IP, LLC, Id. citing Fisher Controls Co.*, 443 F. Supp. 581, 582 (S.D. Iowa 1977); *accord Emhart Industries v. Sankyo Seiki Mfg.*, 3 U.S.P.Q. 2d 1889, 1890, 1987 WL 6314 (N.D. Ill. 1987); *GPAC, Inc. v. D.W.W. Enterprises, Inc.*, 144 F.R.D. 60, 63 (D. N.J. 1992).

Here, all of these benefits will flow to the Court and the parties by staying this action until the PTO issues its findings in the two pending reexaminations.

### C. Lack of Undue Prejudice

Against the undeniable benefits of a stay, the Court must weigh the hardship a stay may impose on the non-moving party and consider whether the non-movant would be unduly prejudiced if a stay was granted. *Clintec Nutrition Co. v. Abbott Labs*, No. 94 C 3152, 1995 WL 228988, at *1 (N.D. Ill. April 14, 1995). "If the stay is unlikely to prejudice the plaintiff, and the motion for stay comes early in the case, courts generally look favorably on granting stays pending reexamination. *Spa Syspatronic, AG v. Verifone, Inc., et al.*, No. 2:07cv416, April 24, 2008 Order at pg. 2. 'One major reason why stays pending reexamination are granted is that whether or not the PTO ultimately amends or invalidates a patent's claims during reexamination, the PTO's reexamination provides the Court with an expert funneling of the issues for trial.' *Id*." *Constellation, Id.*

The only potential prejudice of a stay to plaintiff is the theoretical delay in any ultimate recovery; a risk easily remedied by monetary damages and, accordingly, not a cognizable grounds for "undue" prejudice. "[T]he delay inherent to the reexamination process does not constitute, by itself, undue prejudice." *Photoflex Prods., Inc. v. Circa 3 LLC*, No. C 04-03715, 2006 WL 1440363, at #2 (N.D. Cal. May 24, 2006)." *Baxter Int'l, Id.*

"Considering the early stages of this litigation, the parties and the Court will likely benefit from the PTO's expert guidance on the issues, and this factor weighs in favor of staying this case." *Constellation, Id.* at *3. "Any potential prejudice to {plaintiff} is outweighed by various other considerations, including: (1) defendants did not delay in moving for a stay; (2) the case is still in its infancy; (3) judicial resources as well as the resources of the parties will likely be conserved; and (4) the PTO's guidance will hone the issues for claim construction and trial." *Id*. at *4.

In light of the high probability that this case will be greatly simplified by the PTO, the certain duplication of substantial resources in the absence of a stay, and the low probability of any prejudice, a stay should be issued.

## CONCLUSION

Each of the three governing factors implicated by the instant motion strongly recommend a stay. In such circumstances, this action should be stayed pending the completion of the PTO's reexamination proceedings.

WHEREFORE, Multiprens USA, Inc. respectfully requests that this action be stayed pending the PTO's determination of the reexaminations of the two patents-in-suit.

SPENCER FANE BRITT & BROWNE LLP

By: /s Patrick J. Whalen
Patrick J. Whalen, #45594
Kyle L. Elliott, #49145
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
(816) 474-8100
(816) 474-3216 (facsimile)
pwhalen@spencerfane.com
kelliott@spencerfane.com

ATTORNEYS FOR DEFENDANT
MULTIPRENS USA, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of February, 2009, I caused a copy of the foregoing document to be served by electronic filing upon the following:

Marshall G. MacFarlane, Esq.
Young Basile
301 East Liberty, Suite 700
Ann Arbor, MI 48104

David V. Clark, Esq.
Travis W. McCallon, Esq.
Lathrop & Gage, LC
2345 Grand Avenue, Suite 2800
Kansas City, MO 64108-2684

ATTORNEY FOR PLAINTIFF
KINEDYNE CORPORATION

/s Patrick J. Whalen
Attorney for Defendant
Multiprens USA, Inc.