IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| KINEDYNE CORPORATION, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-CV-00755-DGK |
| | ) | |
| MULTIPRENS USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## REPLY SUGGESTIONS IN SUPPORT OF DEFENDANT'S MOTION TO STAY

Plaintiff would have this Court and the parties needlessly expend substantial resources litigating the claims of two patents likely to be cancelled or modified by the U.S. Patent Office while risking inconsistent outcomes. The strong federal policy favoring stays of litigation pending reexamination is especially compelling in the instant case, where discovery has yet to commence and two separate patents must be reexamined.

When combining the separate probabilities associated with the pending patent reexaminations, there is a **statistical certainty** that at least one claim at issue in this case will be cancelled or modified by the PTO. In light of the virtual certainty that the claims at issue in this case will change, it makes little sense to incur hundreds of thousands of dollars and the Court's time pursuing a moving target. As plaintiff's own cited authority holds: "courts need not expend unnecessary judicial resources by attempting to resolve claims which may be amended, eliminated, or lucidly narrowed by the patent reexamination process and the expertise of its officers." *Anascape v. Microsoft*, 475 F. Supp. 2d 612, 615 (E.D. Tx. 2007).

Seeking to evade this particularly strong preference for stays pending reexams, plaintiff relies on a range of arguments irrelevant to the legal inquiry, while citing inapplicable or minority

WA 1167179.1

authority. An accurate review of the three relevant prongs governing the instant motion reveals that each factor cuts in favor of the instant motion.

## I. Plaintiff's Objection on the Prematurity of the Stay Request Has Been Widely Rejected and is Counter-Intuitive.

Plaintiff suggests that the instant motion must await the PTO's formal issuance of a reexamination. This assertion is incorrect for at least three reasons: (i) the majority of authority overwhelmingly rejects the argument; (ii) there is a greater than 99% probability that at least one reexamination will be granted; and (iii) the pendency of Multiprens' reexamination requests actually **cuts in favor** of the motion as it saves the court and the parties additional time and money.

### A. Plaintiff relies on a discredited, minority interpretation.

Plaintiff's primary argument is often-used and widely-rejected. As one court explained when confronted with the identical objection: "plaintiff's preliminary argument . . . that the stay motion is premature, is not substantial." *Cross Atlantic Capital Partners, Inc. v. Facebook, Inc.,* 2008 WL 3889539 (E.D. Pa. 2008).

In conflict with the customary practice granting stays before a reexamination formally issues, plaintiff relies upon an inapposite, unpublished case along with an unprecedented case. Notably, plaintiff's primary authority, *Magnesystems, Inc. v. Nikken, Inc.,* 36 F.3d 1114 (Fed.Cir. 1994), does **not** establish plaintiff's argument; but instead, merely holds that the presumption of a substantial question of patentability does not arise until a reexamination formally issues. Plaintiff's other cited case, *Heinz Kettler GmbH v. Indian Industries, Inc.,* 592 F. Supp. 2d 880 (E.D.Va. 2009), is in the extreme minority and, itself, recognizes multiple authorities to the contrary.

Weighing against plaintiff's citation is the practice of virtually every other federal court confronting the issue. "Courts faced with the issue **regularly decide** stay motions upon the filing of the request for reexamination, staying the civil action at least until the PTO makes its reexamination

decision." *Cross Atlantic Capital Partners v. Facebook, Inc.*, 2008 WL 3889539 (E.D. Pa. 2008) (emphasis added). Indeed, the cases rejecting plaintiff's primary argument and sustaining stay motions prior to the granting of a reexam are legion.[1]

---

[1] *Tokuyama Corp. v. Vision Dynamics, LLC,* 2008 WL 4452118 (N.D.Cal. 2008); *Seaquist Closures, LLC v. Rexam Plastics,* 2008 WL 4691792 (E.D. Wisc. 2008); *PBI Performance Prods., Inc. v. NorFab Corp.*, 2007 WL 81065, *1 (E.D. Pa. Jan. 5, 2007) (noting that action was placed on suspense docket and ordered stayed pending a decision by the PTO whether to reexamine plaintiff's patent)); *Alltech, Inc. v. Cenzone Tech, Inc.*, 2007 WL 935516, *1 N. 2 (S.D. Cal. Mar. 21, 2007) (assuming for purpose of ruling on stay motion that the PTO would grant the request because the PTO grants approximately 90% of reexamination request); *Pass & Seymour, Inc. v. Hubbell, Inc.,* 532 F. Supp. 2d 418 (N.D.N.Y. 2007) (holding that stay was warranted while the PTO made its initial determination; if reexamination was denied, plaintiff could move to lift stay); *Ralph Gonnocci Revocable Living Trust v. Three M Tool & Mach., Inc.*, Civ. A. No. 02-74796, 2003 WL 22870902, at *4 (E.D. Mich. Oct. 7, 2003) (same); *Cross Atlantic Capital Partners, Inc. v. Facebook, Inc.*, 2008 WL 3889539, *2-*3 (E.D. Pa. 2008) (granting accused infringer's motion to stay case pending PTO's consideration of whether it would grant an *inter partes* reexamination, even though trial was set to begin in three months, discovery had been completed, and dispositive motions filed); *Pactool Intern. Ltd. v. Dewalt Indus. Tool Co.*, 2008 WL 312677 (W.D. Wash. 2008) (granting accused infringer's motion to stay the case during the pendency of the PTO's consideration of the request for reexamination, and if the reexamination request was granted to extend the stay during the period of reexamination); *Sorensen ex rel. Sorensen Research and Development Trust v. Black and Decker Corp.*, 2007 WL 2696590 (S.D. Cal. 2007) (granting accused infringers' motion to stay infringement action where one of the accused infringer's had a reexamination request pending before the PTO, and ruling that even though some discovery had been done and two summary judgment motions had been ruled on the case was still in its early stages as fact discovery had not closed, . . the accused infringer's could be prejudiced if a stay were not granted) *Magna Donnelly Corporation v. Pilkington North America, Inc.*, 2007 WL 772891 (W.D. Mich. 2007) (granting stay even though the PTO had not yet acted on the request); *Scriptpro LLC v. Wal-Mart Stores, Inc.*, 83 U.S.P.Q.2d 1062, 2006 WL 2294859 (D. Kan. 2006) (granting patentee's motion to stay infringement action while PTO determined whether it would grant a reexamination request); *EchoStar Technologies Corp. v. TiVo, Inc.*, 2006 WL 2501494 (E.D. Tex. 2006) (granting accused infringer's motion to stay infringement action pending requests for one *inter partes* reexamination and two *ex parte* reexamination proceedings, even though the requests had not yet been granted by the PTO); *Broadcast Innovation, L.L.C. v. Charter Communication, Inc.*, 2006 WL 1897165 (D. Colo. 2006) (granting accused infringer's request to stay infringement action based on the yet unacted upon request for a reexamination even though the trial was set to begin in three months, dispositive motions had been fully briefed); *Motson v. Franklin Covey Co.*, 2005 WL 3465664 (D.N.J. 2005) (granting accused infringer's motion to stay case pending reexamination in the PTO of the asserted patent, even though the PTO had not yet granted the petition for reexamination); *Snyder Seed Corp. v. Scrypton Systems, Inc.*, 52 U.S.P.Q.2d 1221, 1999 WL 605701 (W.D.N.Y. 1999) (granting accused infringer's motion to stay infringement action pending PTO's determination of accused infringer's request for a reexamination); *Braintree Laboratories, Inc. v. Nephro-Tech, Inc.*, 1997 WL 94237 (D. Kan. 1997) (granting accused infringer's motion to stay case pending PTO's determination on whether it would grant reexamination); *Robert H. Harris Co., Inc. v. Metal Mfg. Co., Inc.*, 19 U.S.P.Q.2d 1786, 1991 WL 217666 (E.D. Ark. 1991) (granting accused infringer's motion to stay case pending PTO's determination on whether it would grant reexamination); *Brown v. Shimano American Corp.*, 18 U.S.P.Q.2d 1496, 1991 WL 133586 (C.D. Cal. 1991) (granting

3

### B. There is statistical certainty that <u>at least one</u> reexamination will be granted and a high probability that <u>both</u> patents will be reexamined.

Plaintiff does not dispute the 92%-94% probability that each of Multiprens' reexamination requests will be granted. *Rosco, Inc. v. Mirror Life Co.,* 2007 WL 2296827 (E.D.N.Y. 2007) (citing 94% figure). In combination, the chances of **at least one** reexamination issuing from the PTO approaches 100% (99.6%). As such, plaintiff's primary objection, even if it had not otherwise been rejected by virtually every court considering it, focuses on a less than one half of one percent risk.

More directly, even in the exceedingly unlikely situation that neither reexamination ultimately issues, the stay can be quickly lifted. *Cross Atlantic Capital Partners, Id.* ("staying further litigation until the PTO makes its decision whether to grant reexamination will **permit the PTO to exercise its statutorily granted authority** . . . at that point we can revisit whether the stay should be continued") (emphasis added).

### C. Plaintiff's cited objection actually underscores the need to sustain the motion for stay.

The essential rationale guiding the statutory and judicial preference for stays pending reexamination is to avoid duplicative and unnecessary expenditures of time and money while the PTO exercises its discretion. As such, parties **should be encouraged–not precluded**–from seeking stays as close in time to filing reexamination requests as possible. Little is accomplished (especially given the 94% rate of approvals, in general, and the 99.6% probability, in this case) by requiring the parties and the Court to expend time and money in the two or three month interim (as typically taken by the PTO to grant reexamination requests) litigating a rationale while awaiting an inevitable reexamination. In fact, as the myriad of authority cited above indicates, the case for a stay is even stronger during this interim period. *See Id.* p. 3, Note 1.

---

accused infringer's motion to stay case pending PTO's determination on whether it would grant reexamination.)

Having conceded the benefits of a stay, it would be counterintuitive to dilute those benefits by actively litigating over the next two months. As the merits of a stay are **even more compelling** during this interim while the reexamination is under consideration; it is not surprising that plaintiff's "prematurity" objection has been overwhelmingly discredited.

## II. Conceding the First Factor of the Governing Test As Strongly Favoring a Stay, Plaintiff's Opposition Must Fail.

Apart from plaintiff's procedural objection, the opposition brief offers little relevant analysis on the governing factors. Initially, plaintiff does not dispute the strong legislative and judicial policies liberally favoring motions to stay proceedings pending the outcome of reexamination, "especially in the cases that are still in the early stages of litigation and where there has been little or no discovery." *Tokuyama Corp.,* 2008 WL 4452118, *2 (N.D. Cal. 2008); *ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994); *Robert H. Harris Co. v. Metal Mfg. Co.*, 19 U.S.P.Q.2d 1786, 1788 (E.D. Ark. 1991) ("[t]he legislative history surrounding the establishment of the reexamination proceeding evinces congressional approval of district courts liberally granting stays.")

This first factor is by far the most significant and typically dispositive. Indeed, plaintiff is **unable to cite a single authority** rejecting a stay sought prior to discovery commencing. *See* Opposition Brief and *Arrivalstar S.S. v. Canadian Nat. Ry. Co.*, 2008 WL 2940807, *2-*3 (N.D. Ill. 2008) (granting accused infringers' motion to stay infringement suit pending granted ex parte reexamination proceedings of all three asserted patents, and **noting that patentee failed to cite any cases showing a court denying a stay where the stay was requested early in the litigation**); *Spa Syspatronic, AG v. Verifone, Inc.*, 2008 WL 1886020, *1 (E.D. Tex. 2008) (granting accused infringer's request for a stay of the infringement action pending an *ex parte* reexamination, and noting that: "if the stay is unlikely to prejudice the plaintiff, and the motion for stay comes early in

5

WA 1167179.1

Case 4:08-cv-00755-DGK   Document 24   Filed 03/16/09   Page 5 of 13

the case, courts generally look favorably on granting stays pending reexamination.") In light of the stage of the proceedings alone, the instant motion is justified.

**III.   Plaintiff Misstates the Law and Facts Relevant to the Second Factor Concerning Simplification of the Issues.**

Conceding that the first factor strongly favors a stay (as well as the authority suggesting that this first factor is overwhelmingly dominant), plaintiff misanalyzes the second factor. The inquiry on the simplification factor does not require this Court to now adjudicate the merits of Multiprens' underlying reexamination applications. Attempting to argue the underlying merits of both its infringement theory and Multiprens' reexamination requests, plaintiff misunderstands the nature of the inquiry prompted by the second prong of the governing framework: issue simplification. Likewise, plaintiff badly mischaracterizes the details of Multiprens' reexamination requests.

When assessing whether a stay may simplify the ultimate issues for trial a Court neither evaluates plaintiff's infringement allegations nor otherwise engages in a *de novo* review of the underlying reexamination request. *See Atlantic Capital, Id.*, (noting the PTO's statutorily-granted authority.) Not only is it inappropriate to now attempt to collaterally evaluate the merits of Multiprens' reexamination requests, but plaintiff's repeated rhetoric of Multiprens "copying" does not even address the issue of validity at issue in the reexaminations, but rather an allegation irrelevant to the stay inquiry.

**A.   Plaintiff misstates the governing standard.**

Erroneously claiming that a stay is "only routinely entered where evidence suggests that the patents-in-suit may not survive reexamination," the adjudication of a stay motion does **not** require collateral consideration of the reexamination. *See* p. 5 of Plaintiff's Opposition brief citing *MercExchange, LLC v. eBay, Inc.,* 500 F. Supp. 2d 556, 503 (E.D. Va. 2007) (merely holding that stays are **especially** justified when outright rejection of the patent is probable.) Instead, courts

regularly consider the statistical likelihood of modification or rejection based upon PTO precedent. *See* cases cited at p. 3 and note 2. As detailed below, the probability of a claim at issue being rejected or modified by the PTO in this case exceeds 93%.

Moreover, even if plaintiff's misstatement were correct and potential rejection of the patent was the governing standard, Multiprens' reexamination requests seeks exactly that result: the invalidation of **both** patents-in-suit. *See* Exhibits A & B to Multiprens' Suggestions in Support of Motion to Stay.

In fact, the majority rule overwhelmingly supports a stay. Plaintiff cites a few aberrational authorities conflicting with the overall trend of routinely granting stays upon reexamination. The weight of authority, particularly recent cases, uniformly supports a stay under these facts.[2]

---

[2] See cases cited throughout, including Id. at p.3, note 1, as well as the following: *Roblor Marketing Group, Inc. v. GPS Industries, Inc.*, 2008 WL 5210946, *3-*8 (S.D. Fla. 2008) (granting accused infringer's motion to stay infringement action); *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 2008 WL 3833576, *1 (N.D. Cal. 2008) (granting accused infringer's motion to stay case pending completion of the reexamination); *Sorensen v. Metabo Corp.*, 2008 WL 2697173, *1 (S.D. Cal. 2008) (staying case with respect to all issues except for allegations of improper venue and lack of personal jurisdiction. Should the PTO determine that all or some of the patent claims at issue are invalid, that determination will conserve the resources of this Court and the litigants and simplify the issues before the Court. Conversely, should the PTO reaffirm the patent claims, the Court will benefit from its expert analysis of those claims and the prior art); *Constellation IP, LLC v. The Allstate Corp.*, 2008 WL 4787625, *3 (E.D. Tex. 2008) (granting accused infringer's motion to stay infringement action); *Global Patent Holdings, LLC v. Green Bay Packers, Inc.*, 2008 WL 1848142, *5 (N.D. Ill. 2008) (granting accused infringer's motion to stay infringement suit pending a second reexamination. . . . a significant amount of time and effort in claim construction and other litigation would have been wasted if we had forged ahead without the benefit of the PTO's reexamination); *01 Communique Laboratory, Inc. v Citrix Systems, Inc.*, 2008 WL 696888, *2 (N.D. Ohio 2008) (granting accused infringer's motion for a stay pending and finding that statistically speaking, there is a very small chance that all of the claims will survive reexamination without amendment); *SKF Condition Monitoring, Inc. v. SAT Corp.*, 2008 WL 706851, *6 (S.D. Cal. 2008) (granting accused infringer's motion to stay the case pending reexamination in the PTO and rejecting patentees' argument that the delay would unduly prejudice it where money damages would be adequate to compensate the patentee); *Pactool Inter. Ltd. v. Dewalt Indus. Tool Co.*, 2008 WL 312677 (W.D. Wash. 2008) (the court ruling that since substantial discovery remained to be done the case was not so far along to preclude a stay and further ruling that since the claims involved highly technical subject matter that court would benefit from having the PTO consider the asserted prior art that had not been previously considered by the PTO); *Sorensen v. Digital Networks North America, Inc.*, 2008 WL 152179 (N.D. Cal. 2008 ) (granting accused infringer's motion to stay infringement suit pending completion of a reexamination proceeding because the court finds that such a stay will simplify the issues and streamline the trial, thereby reducing the burden on, and preserving the

### B. Plaintiff inappropriately attempts to now litigate the merits of Multriprens' reexamination requests.

Plaintiff seeks to circumvent the rationale underlying this legislative and judicial preference for stays by now seeking to litigate the merits of the reexamination. Adjudication of the reexaminations, instead, are properly left to the PTO per legislative mandate. *See, e.g., Pass & Seymour, Inc. v. Hubbell, Inc.*, 532 F. Supp. 2d 418, 436 (N.D.N.Y. 2007). ("Accordingly, based upon my finding that the parties and the Court could benefit immensely from the expertise of the PTO, and that its determination could potentially avoid the necessity of this case going forward, or at a minimum materially reshape the issues presented, I recommend that the stay be granted.")

Plaintiff, instead, would eviscerate the very benefit afforded this Court and the parties by attempting to usurp the PTO's role. "Granting a stay 'allows for the reexamination of patent validity in an impartial forum at **almost 100 times less cost** to the parties by people trained to understand the technologies described in the patents." *Implicit Networks, Inc. v. Advanced Micro Devices*, 2009 WL 357902 (W.D. Wash. 2009) citing *Canady v. Erbe Elektromedizin*, 271 F. Supp. 2d 64 (D. D.C. 2002). Plaintiff is unable to prove, and the reported cases herein disprove, that a District Court's collateral review and approval of the reexamination is a predicate to a stay.

### C. Plaintiff misstates the nature and evidence in Multiprens' reexamination requests.

Plaintiff makes a perplexing claim–at great length–when it argues that Multiprens' reexaminations, regardless of result, will have no effect on the ultimate disposition of the case. In fact, Multiprens' reexamination requests may well cause both patents-in-suit to be invalidated. *See* Exhibits A and B to Opening Suggestions. Indeed, in light of the prior art omitted by plaintiff and

---

resources of both the parties and the Court."); *Watlow Elec. Mfg. Co. v. Ogden Mfg. Co.*, 2006 WL 1892546 (E.D. Mo. 2006) (granting accused infringer's motion to stay infringement action pending a granted PTO reexamination despite the patentee's objecting).

recently discovered by Multiprens, the case for outright invalidation is strong. Proof of this prior art would cause the subject patents' invalidation and preclude any need for this case to continue.

Based upon PTO history, **there is only a 6% chance that all of plaintiff's claims at issue will survive the PTO reexaminations.** [3] **Put another way, there is a 93.75%** probability that at least one of the claims at issue in this case will be cancelled or modified by the PTO. *See Tokuyama, Id.* at 3 (citing statistics that the PTO confirms all claims in only about 25% of reexaminations); *see also Rosco, Inc. v. Mirror Lite, Inc.*, 2007 WL 2296827 (E.D.N.Y. 2007) (all claims confirmed in only 24% of reexamination proceedings).

Aside from being legally noncognizable, plaintiff's argument on the simplification factor both addresses an irrelevant point of liability and misstates the facts concerning the subject products. Plaintiff's repeated refrain that Multiprens has "exactly copied" its products is not only factually incorrect, but entirely irrelevant to this motion. Plaintiff's gratuitous liability arguments shed no light on the applicable inquiry; which instead merely requires a determination of the **potential** implications of the reexamination. Here, rejection of some or all of the claims at issue is a distinct probability. Plaintiff's attempt to obfuscate this issue by previewing its liability case is of no assistance.[4]

## IV. Plaintiff's Alleged Prejudice is Neither Accurate Nor Cognizable Under the Governing Legal Inquiry.

Plaintiff primarily relies on the allegation of delay to address the third prong of the inquiry, undue prejudice. This assertion is both legally flawed, irrelevant, and factually incorrect.

---

[3] The probability that **all** claims in **both** patents at issue would be confirmed is equal to (.25) x (.25) = .0625. *See Tokuyama* (verifying the .25 average figure).

[4] Multiprens will not now burden the Court with a response to the irrelevant liability argument by now detailing similar omissions and flaws in plaintiff's infringement theories.

In order to first set proper context for whether a party has unduly delayed, a review of pertinent precedent is helpful. Of the dozens of cases sustaining motions to stay pending reexaminations, plaintiff does not cite (and Multiprens has not discovered), **any** case where a defendant has filed a motion for stay as early in the litigation as Multiprens in this matter.

In suggesting that the alleged delay in bringing this motion justifies its denial, plaintiff ignores the vast majority of authority permitting stays even **after discovery was completed** (let alone **before** discovery even commences as in this matter.) "In fact, many Courts have granted stays well beyond discovery's completion, well into litigation, and very close to trial." *Tokuyama Corp., Id.* at 2 citing *eSoft, Inc. v. Blue Coat Systems*, 505 F. Supp. 2d 784, 788 (D. Colo. 2007) (discussing cases).

A survey of applicable precedent sustaining stays on the eve of trial demonstrates the deep flaws in plaintiff's claim of prejudice. Case after case reveals stays granted at the close of discovery and even later. *Plasmart Inc. v. Wincell Intern. Inc.*, 2008 WL 4107464, *1 (S.D.N.Y. 2008) (granting accused infringer's motion to stay infringement suit pending reexamination **even though discovery was complete** and the court had engaged in claim construction); *Netjumper Software, L.L.C. v. Google, Inc.*, 2008 WL 2761022, *2-*3 (E.D. Mich. 2008) (granting accused infringer's motion to stay infringement suit even though accused infringer **did not file its motion to stay until over a year after it lost a summary judgment motion and the trial date was set for less than two months** from the date the accused infringer filed its motion for stay); *Bausch & Lomb, Inc. v. Rexall Sundown, Inc.*, 554 F. Supp. 2d 386 (W.D.N.Y. 2008) (although **case had been pending for four years**, granting accused infringer's motion to stay and explaining "although this litigation has been pending for over four years, very little progress has been made in discovery").

Against this weight of authority, plaintiff cites two cases lacking any applicability. Indeed, another Federal Court already rejected reliance upon the primary case now cited by plaintiff; *Freeman v. Minnesota Mining & Mfg. Co.,* 661 F. Supp 886 (D. Del 1987). As the *In Re Laughlin Products* Court explained:

> "In *Freeman*, the case was 'close to trial.' Moreover, the *Freeman* case is distinguishable in that it involved a motion to enjoin a party from seeking reexamination with the PTO, not a motion to stay the litigation."

265 F. Supp. 2d 525, 532 (E.D. Pa. 2003). Indeed, unlike the timing of the instant motion **before** discovery, the *Freeman* defendant filed the Motion for Stay **seven months after discovery closed**. 661 F. Supp. at 888.

Similarly, the *Affinity* case attached to plaintiff's brief involves a case where the initial stages of discovery already closed. *Id.* at p. 5. Additionally, the *Affinity* case represents the most extreme of minority position on timing; a single case conflicting with dozens of other cases cited herein. Nonetheless, even under this aggressive, minority view, Multiprens is well within the time requirements for bringing the instant motion. *Id*.

At bottom, and unlike the cases cited by plaintiff: "This is not a case where, for example, a party requested reexamination only after either an unfavorable ruling by the Court or favorable ruling by the PTO." *Tokuyama*, *Id*. at 4.

While all the reported authority demonstrates that even plaintiff's exaggerated figure of "seven months" is still well within the accepted timeframe for the filing of stay requests pending reexamination, plaintiff fails to inform the Court of the two procedural dynamics causing this alleged "delay." Plaintiff omits the fact that having filed this action in the wrong forum, Multiprens was required to spend months obtaining transfer to this Court. Additionally, Multiprens wanted to avoid incurring and imposing the costs of a reexamination until after the parties' were afforded an

opportunity to resolve the case at their Early Assessment Program mediation session. Multiprens filed the reexamination within weeks of the unsuccessful EAP session.

Finally, even if Multiprens had delayed as plaintiff incorrectly alleges and even if such delay was outside the accepted norm, any such delay would not constitute the **undue** prejudice required under this third prong of the analysis. *Tokuyama Corp., Id.* at *4 ("mere delay, without more, does not demonstrate undue prejudice") citing *Ho Keung Tse v. Apple, Inc.*, 2007 WL 2904279 (N.D. Cal. 2007). "Regardless, courts have found delay does not demonstrate undue prejudice. *Implicit Networks, Id.* at 3 citing *Sorensen v. Black & Decker Corp.*, 2007 WL 2696590 at * 4 (S.D. Cal.) ("the general prejudice of having to wait for resolution is not a persuasive reason to deny the motion for stay.")

Unable to cite a single authority denying a request for a stay sought before discovery commenced, plaintiff cannot colorably allege the undue prejudice necessary to satisfy its burden under the relevant inquiry.

## Conclusion

Conceding the first of the three relevant factors, plaintiff raises irrelevant arguments on the second factor (simplification) and non-cognizable arguments on the third factor (undue prejudice). As **each** factor, let alone the majority of factors, recommends a stay; the instant motion should be granted.

SPENCER FANE BRITT & BROWNE LLP

By: /s/ Patrick J. Whalen
    Patrick J. Whalen, #45594
    Kyle L. Elliott, #49145
    1000 Walnut Street, Suite 1400
    Kansas City, MO 64106
    (816) 474-8100
    (816) 474-3216 (facsimile)
    pwhalen@spencerfane.com
    kelliott@spencerfane.com

ATTORNEYS FOR DEFENDANT
MULTIPRENS USA, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2009, I caused a copy of the foregoing document to be served by electronic filing upon the following:

    Marshall G. MacFarlane, Esq.
    Young Basile
    301 East Liberty, Suite 700
    Ann Arbor, MI 48104

    David V. Clark, Esq.
    Travis W. McCallon, Esq.
    Lathrop & Gage, LC
    2345 Grand Avenue, Suite 2800
    Kansas City, MO 64108-2684

    ATTORNEY FOR PLAINTIFF
    KINEDYNE CORPORATION

/s/ Patrick J. Whalen
Patrick J. Whalen
Attorney for Defendant
Multiprens USA, Inc.

13

WA 1167179.1

Case 4:08-cv-00755-DGK   Document 24   Filed 03/16/09   Page 13 of 13