IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KINEDYNE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 08-00755-CV-W-DGK |
| | ) | |
| MULTIPRENS USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is Defendant Mulitprens USA, Inc.'s ("Multiprens") Motion to Stay (Doc. #21). Plaintiff Kinedyne Corporation ("Kinedyne") opposes the Motion (Doc. #23), and Multiprens replied (Doc. #24). Multiprens also filed a notice of the Patent and Trademark Office's Issuance of Reexamination Order (Doc. #25). Because reexamination has been ordered, the Court will not address Plaintiff's argument regarding the prematurity of a stay that is issued before a reexamination order. For the following reasons, Multiprens' Motion to Stay (Doc. #21) is GRANTED.

This Court has the inherent power to manage its docket and stay proceedings where appropriate. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1467-27 (Fed. Cir. 1988) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). This includes "the authority to order a stay pending conclusion of a PTO reexamination." *Id.* at 1427 (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)). Courts consider three factors to determine whether to grant a stay: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay of litigation will simplify the issues in question and facilitate the trial of the case; and (3) whether a stay would unduly prejudice the non-moving party or would present a clear tactical disadvantage for that party." *Watlow Elec. Mfg. Co. v. Ogden Mfg. Co.*, No. 4:05CV2094 CDP, 2006 WL 1892546, at *1 (E.D.

1

Mo. July 10, 2006) (citing *Middleton, Inc. v. Minn. Mining & Mfg. Co.*, No. 4:03-CV-40493, 2004 WL 1968669, at *3 (S.D. Iowa Aug. 24, 2004)).

The parties' dispute focuses on the second two factors. Kinedyne does not dispute that this case is in its very early stages and that no discovery has commenced. As one court recently held, "[c]ourts frequently issue stays pending reexamination when the litigation is at an early stage." *Arrivalstar S.S. v. Canadian Nat'l Ry. Co.*, No. 08 c 1086, 2008 WL 2940807, at *2 (N.D. Ill. July 25, 2008) (citations omitted) (noting that the party opposing the stay were not able to cite a case in which a court "denied a request to stay court proceedings pending the PTO's reexamination of the patents-in-suit where the stay request was made during the early stages of the litigation"). Especially in light of the statistical probabilities – which Plaintiff does not dispute – that reexamination is likely to result in cancellation or modification of at least one of the claims at issue, a stay would likely result in a simplification of the issues. Although Plaintiff contends that it will be prejudiced by a stay, there is no reason to believe that it would be "unduly prejudiced" by a stay, which is the test. Given that the PTO has issued a reexamination order, and the parties have not yet commenced discovery, the Court finds that a stay is appropriate here.

**IT IS SO ORDERED**

Date:  April 9, 2009         /s/ Greg Kays
                             GREG KAYS, JUDGE
                             UNITED STATES DISTRICT COURT

2