# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| KINEDYNE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) Case No. 08-00755-CV-W-DGK |
| | ) |
| v. | ) |
| | ) |
| MULTIPRENS USA, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is Plaintiff's renewed Motion to lift the stay of these proceedings. Doc. 38. The Court has reviewed this Motion in conjunction with Plaintiff's Suggestions in Support, Defendant's Suggestions in Opposition and Plaintiff's Reply. Docs. 39-41. In support of its Motion, Plaintiff submits essentially the same arguments the Court rejected in denying the original Motion to lift the stay. The Patent and Trademark Office completed its reexamination in March, confirming the patentability of both claims on the '164 patent, and Claims 2-7 of the '876 patent. Plaintiff responded to the rejection of Claim 1 and claims that it will ultimately be confirmed as patentable.

The stay was originally put in place to conserve judicial resources while allowing the PTO to conduct reexamination. The parties' most recent status report shows that the PTO has not yet completed its work. Doc. 42. Plaintiff has opposed the stay from the beginning, but has prolonged it by responding to the rejection of one of the claims. *See* 37 C.F.R. § 1.131 (allowing inventors to contest rejection by submitting an affidavit "to establish invention of the subject matter of the rejected claim prior to the effective date of the reference or activity on which the rejection is based"). While there has been no material change of circumstances since the Court's

previous denial of Plaintiff's request to lift the stay, the Court does not intend to leave the stay in place indefinitely. Judicial economy also favors resolution of this case in a timely fashion. Accordingly, the Court makes the following orders:

A. Plaintiff's Motion is DENIED.

B. Absent a material change in the status of the reexamination, Plaintiff shall not file a motion to lift the stay prior to January 6, 2011.

C. The parties shall file a joint status report on or before January 10, 2011. If there has been no material change in the status of the reexamination necessitating extension of the stay, the Court will lift the stay *sua sponte* and order the parties to submit a proposed scheduling order. The important issue will be to ensure that the trial is set "at a time when there is a substantial probability that the PTO will have completed its reexamination." *Rohm and Haas Co. v. Brotech Corp.,* 24 U.S.P.Q.2d 1369, 1371 (D. Del. 1992).

**IT IS SO ORDERED**

Dated: December 6, 2010        /s/ Greg Kays
                               GREG KAYS
                               UNITED STATES DISTRICT JUDGE